[Cite as *State v. Romanko*, 2015-Ohio-4759.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 101921

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ZORYANA ROMANKO

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-583903-A and CR-14-585536-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 19, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Edward J. Brydle
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant, Zoryana Romanko, appeals her consecutive sentences. Our review of the record confirms her claim that the trial court failed to make the statutory findings for consecutive sentences required by R.C. 2929.14(C). An imposition of consecutive sentences without the statutory findings is contrary to law. The state concedes the error.

{¶2} Romanko used her job as a housekeeper to steal from families she worked for. Over a period of 22 months, she made almost 140 transactions in various pawnshops to sell the stolen jewelry, antiques, and heirlooms she stole from the families, netting $70,000.

{¶3} Under a plea agreement, Romanko pleaded guilty in two separate cases. In Cuyahoga C.P. No. CR-14-583903, she pleaded guilty to two counts of burglary, a second-degree felony, and one count of theft, a fourth-degree felony. In Cuyahoga C.P. No. CR-14-585536, she pleaded guilty to one count of burglary, a second-degree felony.

{¶4} In Case No. CR-14-583903, the trial court sentenced Romanko to concurrent two-year terms on the two burglary counts, and 18 months on the theft count, to be served consecutive to the burglary counts. In Case No. CR-14-585536, the trial court sentenced Romanko to two years for the burglary charge. The trial court ordered the terms in these two cases to be served consecutively, for an aggregate prison term of 5½ years.

{¶5} On appeal, Romanko raises one sole assignment. She contends that it was error for the court to impose consecutive sentences without making the requisite statutory findings. We agree.

{¶6} H.B. 86 revived a presumption of concurrent sentences. Consecutive sentences can be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under R.C. 2929.14(C)(4), a court must make certain findings prior to imposing consecutive sentences. R.C. 2929.14(C)(4) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at sentencing. However, "a word-for-word recitation of the language

of the statute is not required. As long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. In *Bonnell*, the Supreme Court of Ohio also explained that the word "finding" in this context means that the trial court "must note that it engaged in the analysis" and that it "considered the statutory criteria and specifie[d] which of the given bases warrants its decision." *Bonnell* at ¶ 26. The court emphasized that the trial court is not required to give a "talismanic incantation" of the words of the statute, provided the necessary findings can be found in the record. *Id.* at ¶ 37. In addition, the trial court must also incorporate the findings into the sentencing entry. *Bonnell* at ¶ 29.

{¶8} In this case, Romanko was sentenced in two separate cases. Consecutive sentencing findings are required even when the sentences are imposed in separate cases. *State v. Hill*, 7th Dist. Carroll No. 13CA892, 2014-Ohio-1965, ¶ 20; *State v. Kilmire*, 9th Dist. Summit Nos. 27319 and 27320, 2015-Ohio-665, ¶ 18.

{¶9} At Romanko's sentencing, prior to entering consecutive sentences, the court stated:

> Your aggregate sentence will be a two-year sentence on 585536. A sentence of two and two on the burglary charges and the sentence will be a year-and-a-half on the theft charge; aggregate sentence at Marysville will be five-and-a-half-years.
>
> I am going to stack the two cases.

{¶10} From this record, we are fully unable to discern that the trial court engaged in the correct analysis before imposing consecutive sentences. Because the trial court

failed to make any of the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences, the trial court's sentence was contrary to law. The state concedes the error. The assignment of error is sustained.

{¶11} We therefore vacate the sentence and remand the case to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and, if so, to make the findings required by the statute. *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15. The findings are also to be incorporated into the sentencing entry.

{¶12} Appellant's sentence is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR