[Cite as *State v. Balog*, 2015-Ohio-5415.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102528

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DAVID BALOG

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589296-A

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 24, 2015

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1360 East Ninth St., Suite 600
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Melissa Riley
            Jeffrey S. Schnatter
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, David Balog ("Balog"), appeals from his sentence, raising a single assignment of error for our review:

> 1.   The trial court erred in imposing maximum, consecutive sentences without making the findings required by R.C. 2929.14(C)(4).

{¶2} After careful review of the record and relevant case law, we vacate Balog's sentence and remand this case to the trial court for the limited purpose of considering if consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences.

## I. Procedural History

{¶3} In September 2014, the Cuyahoga County Grand Jury returned a two-count indictment charging Balog with two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), felonies of the first degree. The indictment alleged that on separate dates, Balog used a knife to rob the victims, J.H. and C.M., while they used an ATM machine.

{¶4} In December 2014, Balog pleaded guilty to two amended counts of robbery in violation of R.C. 2911.02(A)(1), felonies of the second degree. After fully complying with Crim.R. 11 and advising Balog of his statutory and constitutional rights, the trial court accepted Balog's guilty plea.

{¶5} At the sentencing hearing, the trial court imposed an eight-year prison term on Count 1 and a six-year prison term on Count 2. The court ordered that the sentences be served consecutively for an aggregate 14-year prison term. In addition, Balog was ordered to pay $400 in restitution to C.M. and forfeit all property seized from the victims.

{¶6} Balog now appeals his sentence.

## II. Law and Analysis

{¶7} In his sole assignment of error, Balog argues the trial court erred in imposing maximum, consecutive sentences without making the findings required by R.C. 2929.14(C)(4).

{¶8} There is a presumption in Ohio that prison sentences should be served concurrently, unless the trial court makes the findings outlined in R.C. 2929.14(C)(4) to justify the imposition of consecutive sentences.

{¶9} R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that at least one of the following applies (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were

committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.   R.C. 2929.14(C)(4)(a)-(c).

{¶10} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the Ohio Supreme Court held that

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

The failure to make the findings, however, is "contrary to law."   *Id.* at ¶ 37.

{¶11} In this case, the trial court stated the following when ordering Balog's sentences to be served consecutively:

> You know, Mr. Balog, I presided over the ATM murder case in 1995 and I have not used an ATM since.   But I'm fortunate that I don't have to use an ATM because I have other sources to cash my checks or to give me cash money.   That's not true of the majority of the citizens of this country. They rely on an ATM to conduct their banking business and to get cash for the necessities of their life to carry on.

* * *

> I'm sure C.M. is going to think long and hard about using an ATM again, okay? And this wasn't in the nighttime, was it?

* * *

> So she can't even say to herself, well, I'll only use it during the day.   You've taken it all away.   I'm just happy it wasn't another ATM murder case.   But, nonetheless,

this court is going to sentence you to eight years on amended Count 1 at Lorain Correctional Institution and to six years on amended Count 2. Given your age, I will make those consecutive. You of course will pay restitution of $400 to C.M. and forfeit all items as stated at the time of the plea.

{¶12} Subsequently, the trial court proceeded to discuss Balog's criminal history, stating:

So in your case, with your record, you'd have quite a bit of programming to do before I would even think — and I'm not promising — I would even think of letting you out.

* * *

You know, you've come to that portion of your life where it is for sure up to you. No one else. You know, you've done this to yourself. You kept doing it over and over and over again. Okay? So now you're going where you belong until you decide to change, if you ever decide that.

{¶13} After careful review of the sentencing transcript, we find the trial court's reference to Balog's criminal history satisfies the requirements of R.C. 2929.14(C)(4)(a)-(c). In addition, the trial court's statements concerning the use of ATMs by the "citizens of this country" could arguably be interpreted as a finding that consecutive sentences are necessary to protect the public from future crime. However, there is no language in the record that could be reasonably construed as satisfying the disproportionality requirement of R.C. 2929.14(C)(4). Accordingly, we find the trial court failed to make the necessary findings for imposing consecutive sentences.

{¶14} Balog's sole assignment of error is sustained.

### III. Conclusion

{¶15} Having determined that the trial court failed to make the findings required by R.C. 2929.14(C) for the imposition of consecutive sentences, we vacate Balog's sentence. Consequently, we remand this case to the trial court for the limited purpose of

considering whether consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry.

**{¶16}** Judgment reversed, sentence vacated, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR