[Cite as *State v. Watts*, 2016-Ohio-4960.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103568**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KORDEYA D. WATTS, II

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-575542-A, CR-14-587180-A,
CR-14-588844-A, and CR-14-588905-A

**BEFORE:** Jones, A.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Carmen P. Naso
Milton A. Kramer Law Clinic
11075 East Boulevard
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Owen M. Patton
        Kelly N. Mason
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant Kordeya Watts, II appeals his sentence on multiple counts. For the reasons that follow, we affirm in part and reverse in part.

{¶2} In 2015, Watts pleaded guilty in four cases. In Cuyahoga C.P. Nos. CR-13-575542-A and CR-14-588902-A, Watts pleaded guilty in each case to one count of receiving stolen property. In Case No. CR-14-588844-A, Watts pleaded guilty to aggravated robbery with a one-year firearm specification and having weapons while under disability. In Case No. CR-14-587180-A, Watts pleaded guilty to aggravated robbery with a one-year firearm specification, robbery, and having weapons while under disability. The trial court decided the sentences on the cases should run consecutive to one another and sentenced Watts to a total of 14 years in prison. Watts filed a timely notice of appeal and raises two assignments of error for our review:

I. The court failed to make the statutory findings required to impose consecutive sentences.

II: Appellant was not afforded effective assistance of counsel.

{¶3} In the first assignment of error, Watts claims that the trial court failed to make the requisite statutory findings necessary to impose the consecutive sentences and requests that his sentences be vacated. The state concedes that the trial court failed to make all of the required findings to support the imposition of consecutive sentences, but disagrees with Watts on the proper remedy.

{¶4} Pursuant to R.C. 2953.08(G)(2), we may modify or vacate a sentence only if

we clearly and convincingly find that the record does not support the mandatory sentencing findings, or that the sentence is otherwise contrary to law. A sentence is "contrary to law" if the sentencing court failed to make the findings required to order consecutive service of sentences under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶5} Under R.C. 2929.14(C)(4), consecutive sentences may be imposed if the trial court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any one of the following apply:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} A trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus. However, "a word-for-word

recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶7}** Both Watts and the state agree that the trial court failed to make the requisite statutory findings to support the imposition of consecutive sentences. Watts argues that his sentence should be vacated in toto and the case remanded for resentencing. The state argues that the cases should be remanded for the limited purpose of determining whether the sentences already imposed should be run consecutive. As with previous cases, we agree with the state's position. *See State v. Balog*, 8th Dist. Cuyahoga No. 102528, 2015-Ohio-5415, ¶ 15; *see also State v. Romanko*, 8th Dist. Cuyahoga No. 101921, 2015-Ohio-4759, ¶ 11; *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, ¶ 15.

**{¶8}** Therefore, we remand this case to the trial court for the limited purpose of considering whether consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry.

**{¶9}** The first assignment of error is sustained.

**{¶10}** In the second assignment of error, Watts claims that he was not afforded effective assistance of trial counsel because his counsel failed to set forth any evidence of mitigating circumstances that could have reduced his sentence.

{¶11} In order to successfully maintain an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's performance was deficient and that he or she was prejudiced by counsel's deficient performance; that is, that there is a reasonable probability that but for counsel's unprofessional errors the result of the trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶12} Watts argues that his attorney failed to advocate for him and made statements that were harmful to him and hurt his chances of receiving a reduced sentence, including stating that there was "very little mitigation to be made for [Watts]."

{¶13} During the sentencing hearing, defense counsel acknowledged that Watts committed three out of four of the crimes just after the trial court released him on a personal bond in another case. Counsel, however, also told the court that Watts had a strong family, Watts admitted he had made mistakes and wanted to "atone" for them, and hoped to benefit from any programs offered in prison. Counsel requested a minimum sentence or a sentence "not in the double digits," and the possibility of judicial release.

{¶14} We note that Watts, who had a violent criminal history, committed three of the four charged crimes over the short period of four days. These crimes included two aggravated robberies with a gun and occurred while he was out on bond to the trial court. It is entirely plausible that defense counsel's chosen strategy was to minimize the exposure to his client by highlighting his client's youth, willingness to take responsibility for his actions, and desire to change his life while in prison. Thus, we do not find that

defense counsel's performance was deficient or that Watts was prejudiced by it.

**{¶15}** The second assignment of error is overruled.

**{¶16}** Judgment affirmed in part, reversed in part, and remanded for the limited purpose of considering whether consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR