[Cite as *State v. Durham*, 2016-Ohio-7394.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103352 and 103382**

# STATE OF OHIO

PLAINTIFF-APPELLEE
CROSS-APPELLANT

vs.

# WARREN DURHAM, JR.

DEFENDANT-APPELLANT
CROSS-APPELLEE

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579929-A

**BEFORE:** Jones, A.J., Blackmon, J., and Laster Mays, J.
**RELEASED AND JOURNALIZED:** October 20, 2016

**ATTORNEYS FOR APPELLANT/CROSS-APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant/cross-appellee, Warren Durham, appeals his multiple convictions in relation to the rape and kidnapping of four women in 1993 and 1995 and his sentence. Plaintiff-appellee/cross-appellant, the state of Ohio, also filed an appeal, and the two appeals have been consolidated. For the reasons that follow, we affirm in part, reverse in part, and remand the case.

**Procedural History and Facts**

{¶2} In 2013, Durham was charged with ten counts of rape, six counts of kidnapping, and one count of gross sexual imposition. One rape and one kidnapping charge included three-year firearm specifications. The trial court denied a pretrial motion to dismiss based on preindictment delay and a motion for separate trials. The matter proceeded to a jury trial at which three of the four victims testified; the fourth victim died prior to trial.

{¶3} The jury convicted Durham of five counts of rape, five counts of kidnapping, one count of gross sexual imposition, and the attendant firearm specifications. The trial court found that some of the counts were allied offenses of similar import and the state elected to proceed to sentencing on Count 2, rape; Count 6, rape; Count 13, rape; and Count 15, rape with a three-year firearm specification. During the sentencing hearing, the trial court erroneously stated that Count 15 had a one-year firearm specification. The trial court sentenced Durham to a total of 41 years in prison.

{¶4} Durham filed two appeals, but one appeal was dismissed for failure to file a

timely notice of appeal. *See State v. Durham*, 8th Dist. Cuyahoga No. 103884 (Feb. 4, 2016), Motion No. 493224. Durham raises two assignments of error for our review and the state raises one cross-assignment of error.

**Durham's Assignments of Error**

> I. The trial court committed error when it imposed consecutive sentences without making the findings required by R.C. 2929.14 (C)(4) and, in fact, could not have made the findings.

> II. The trial court erred when it denied Mr. Durham's motion to inspect grand jury proceedings.

**State's Cross-Assignment of Error**

> I. The trial court imposed a sentence contrary to Ohio law as it was required to impose a sentence consistent with the law in effect at the time of the offense. In imposing a sentence under H.B. 86, the court imposed a sentence contrary to the general assembly's express intent.

**Law and Analysis**

**Sentencing Considerations**

{¶5} We discuss Durham's first assignment of error and the state's cross-assignment of error together because they both relate to his 41-year sentence.

{¶6} During the sentencing hearing and on appeal, the state argued that Durham should have been sentenced under the law that was in effect at the time of his offenses and not under the law at the time of his conviction; that is, he should have been sentenced under Section 5 of S.B. 2 and not under H.B. 86.

{¶7} The Ohio Supreme Court recently decided this issue as it applies to defendants like Durham and held that a defendant who was convicted and sentenced in

2014 for offenses committed 19 years earlier is entitled to the benefit of the shorter potential sentences under the law in effect at the time of the sentencing. *State v. Thomas*, Slip Opinion No. 2016-Ohio-5567.[1] The court noted that the state legislature twice enacted substantial changes to Ohio's criminal-sentencing scheme after Thomas committed the rape and kidnapping offenses in 1993, but before he was convicted and sentenced in 2014. The law in effect in 2014 reduced the potential prison sentences for Thomas's convictions as compared with the potential prison sentences for those offenses under the law in effect in 1993. The court considered whether Thomas was entitled to the benefit of the shorter sentences and determined that he was, finding that:

> The amendments to R.C. 2929.14(A) in H.B. 86 reduced the potential sentences for Thomas's offenses, rendering H.B. 86 generally applicable to him under its uncodified law and R.C. 1.58. This irreconcilably conflicts with the uncodified law of S.B. 2, amended by S.B. 269, which states that subsequent sentencing law is inapplicable to offenders who committed their crimes prior to July 1, 1996. Applying the appropriate statutory construction provision, we hold that H.B. 86 controls as the later-enacted provision.

*Id.* at ¶ 18.

{¶8} Durham, like Thomas, committed his offenses prior to the enactment of S.B.

---

[1] *Thomas* was decided after briefing in this case was completed. The state conceded at oral argument that *Thomas* was dispositive of its assignment of error.

2, July 1, 1996, but was convicted and sentenced for them after the enactment of H.B. 86. Thus, Durham was entitled to be sentenced under H.B. 86 and the trial court correctly sentenced him under those provisions. The state's cross-assignment of error is overruled.

{¶9} Having found that the trial court sentenced Durham under the correct sentencing scheme, we now turn to review the sentence itself. R.C. 2953.08(G)(2) provides that an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

**Firearm Specification in Count 15 — Contrary to Law**

{¶10} Although not raised by either party, we note that part of Durham's sentence is contrary to law. The jury convicted Durham of Count 15 as indicted — rape with a three-year firearm specification. The sentencing journal entry states that Count 15 is a felony of the first degree with a three-year firearm specification under R.C. 2941.145. The same sentencing journal entry, however, shows that the trial court sentenced Durham to only one year in prison for that firearm specification:

> On a former day of court the jury returned a verdict of guilty of rape 2907.023(A)(2) F1 with firearm specifications - *3 years* (2941.145) as

charged in count(s) *15 * * ** of the indictment.   On a former day of court the jury returned a verdict of guilty of kidnapping 2905.01A(4) F1 with firearm specifications — 3 years (2941.145) as charged in count(s) 17 of the indictment. * * * State elects to go forward on Count(s) 2, 6, 13, and 15. * * * The court imposes a sentence at the Lorain Correction Institution of 41 year(s).   Ct 2 — 10 years, Ct 6 — 10 years, Ct 13 — 10 years, and *1 year on the firearm spec on Ct 15* prior to an[d] consecutive to 10 years on underlying offense. * * *

(Emphasis added.)   During the sentencing hearing the court also indicated that the jury convicted Durham of Count 15, rape, with a three-year firearm specification but then orally sentenced Durham to a one-year firearm specification attendant to Count 15.

{¶11} Former R.C. 2929.14(B)(1)(a)(ii) stated:

(a)   Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court *shall* impose on the offender one of the following prison terms:

(ii)   A prison term of *three years* if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense   * * * .

(Emphasis added.)

{¶12} The jury convicted Durham of rape in Count 15, pursuant to R.C. 2907.02, with a three-year firearm specification; therefore, the trial court was required to sentence Durham to three years in prison on the firearm specification prior to and consecutive to

ten years for the rape conviction. *See* former R.C. 2929.14(B)(2)(d). The trial court only sentenced Durham to one year for the firearm specification and to do so was in error.

{¶13} Thus, we remand to the trial court for resentencing on the firearm specification attendant to Count 15.

**Consecutive Sentences**

{¶14} Durham argues in his first assignment of error that the trial court erred in sentencing him to consecutive sentences without making the required statutory findings.

{¶15} R.C. 2929.14(C)(4) requires trial courts to engage in a three-step analysis when imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future

crime by the offender.   R.C. 2929.14(C)(4)(a) - (c).

{¶16} The Ohio Supreme Court expressly rejected the claim that a trial court must give a "talismanic incantation of the words of the statute" when imposing consecutive sentences.   *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Indeed, the Supreme Court stated that "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."   *Id.* at ¶ 29.   A trial court is required not only to make the statutory findings required for consecutive sentences at the sentencing hearing, but also to incorporate its findings into its sentencing entry.   *Id.* at the syllabus.

{¶17} In sentencing Durham to consecutive sentences, the trial court stated the following:

> Those four rape counts will run consecutive to one another and those consecutive sentences are imposed pursuant to 2929.12 * * *   and the overriding purposes * * * and the Court's disposition with respect to sentencing, the need to protect the public from future crime as well as to punish the offender.

> And the fact that Mr. Durham was convicted of four — well, with four different victims and parenthetically, the tragedy in this case is that these victims were ignored for 23 years and rapes in the 90's were considered basically a free pass for the rapist. In any event, likely to commit future crimes, in light of the fact that there were four victims, I do believe that from a female point of view, this is one of the worst forms of the offenses.

> These women did not know one another, it was a stranger rape.   It was

> basically your worst nightmare, so I do believe that consecutive sentences

are appropriate.

{¶18} A review of the transcript from the sentencing hearing shows that the trial court failed to properly sentence Durham to consecutive sentences. The trial court considered the sentencing factors and found that consecutive sentences were necessary to protect the public and punish Durham. But nothing the trial court said could be construed to show that the court analyzed whether consecutive sentences were not disproportionate to the seriousness of his conduct and one of the factors in R.C. 2929.14(C)(4)(a) - (c).

{¶19} Thus, we remand this case to the trial court for the limited purpose of considering whether consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry. *See State v. Watts*, 8th Dist. Cuyahoga No. 103568, 2016-Ohio-4960, ¶ 7-8 (proper procedure is for reviewing court to remand case for limited purpose of determining whether the sentences already imposed should be run consecutive).

{¶20} Durham's first assignment of error is sustained.

**Grand Jury Proceedings**

{¶21} In the second assignment of error, Durham argues that the trial court erred by not allowing him to inspect the grand jury proceedings.

{¶22} This issue is not properly before this court. Durham was sentenced on July 15, 2015 and filed his notice of appeal on August 7, 2015 in Appeal No. 103352. He

filed a motion with the trial court to inspect grand jury proceedings on October 20, 2015 — two months after he had appealed his conviction. The trial court denied his motion on October 27, 2015. Durham filed a notice of appeal, which was assigned Appeal No. 103884, on December 14, 2015, and in his notice of appeal stated that he intended to appeal the trial court's denial of his motion to inspect the grand jury transcripts.

{¶23} Durham claims that Appeal No. 103884 was consolidated with Appeal No. 103352. That is not the case. Appeal No. 103884 was dismissed by this court because it was untimely. It was the state's appeal, Appeal No. 103382, that this court consolidated with Appeal No. 103352.

{¶24} Thus, because the issue of the grand jury transcripts is not within the scope of this appeal, we cannot review the merits of Durham's assigned error.

{¶25} The second assignment of error is overruled.

**Remand Instructions**

{¶26} Judgment affirmed in part and reversed in part; case is remanded (1) for resentencing on the firearm specification on Count 15; and (2) on all counts for the limited purpose of considering whether consecutive sentences are appropriate and, if so, to make the findings required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR