DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard Williams, appeals the judgment of the Summit County Court of Common Pleas, which ordered him to pay restitution. This Court reverses and remands.
 I. {¶ 2} On May 19, 1998, appellant was indicted on three counts of receiving stolen property. On June 4, 1998, the State filed a supplemental indictment, in which appellant was indicted on five counts of grand theft, four counts of breaking and entering, one count of petty theft, and four counts of theft.
 {¶ 3} On July 27, 1998, the parties entered into a plea agreement, wherein appellant pled guilty to five counts of grand theft, all felonies of the fourth degree, in exchange for the State's dismissal of the remaining twelve counts. On August 24, 1998, the trial court sentenced appellant to two-and-a-half years of incarceration, which term was suspended upon the condition that appellant complete five years of community control. The trial court imposed the additional sanction that appellant "make full and complete restitution at the rate of at least $500.00 per month as directed by the Adult Probation Department." However, judgment was never entered in a specific total amount or in favor of identified victims.
 {¶ 4} During his period of community control, appellant was charged with violating the terms and conditions of his community control. The trial court found appellant guilty of the community control violation and, on July 12, 1999, revoked appellant's community control and imposed the original two-and-a-half year prison sentence. On November 1, 1999, however, the trial court granted appellant's motion for judicial release and placed appellant on community control for a period of four years, further directing appellant to report to the Adult Probation Department during that time.
 {¶ 5} On October 29, 2001, appellant moved the trial court for an order terminating his community control. The trial court terminated appellant's reporting status on March 11, 2002, but further directed appellant to make regular monthly payments toward restitution owed. Appellant later appeared before the trial court on September 23, 2002, for status call, at which time the trial court ordered that appellant be given thirty days to make up his arrearages on his monetary obligations. The trial court further scheduled the matter for status call on October 21, 2002. There is no record that the trial court proceeded with such status call.
 {¶ 6} By journal entry filed January 14, 2004, the trial court, sua sponte, ordered appellant to make full and complete restitution, identifying for the first time various victims and the amount owed to each. After itemization of the amounts owed to the various named victims, plus poundage, the trial court entered judgment against appellant in favor of the victims in the total amount of $107,569.05.
 {¶ 7} Appellant timely appealed, setting forth three assignments of error for review. As it is dispositive of this appeal, this Court will address the second assignment of error first.
 II. SECOND ASSIGNMENT OF ERROR
"The trial court was without jurisdiction to grant a Monetary judgment against appellant."
 {¶ 8} In his second assignment of error, appellant argues that the trial court erred in issuing its January 14, 2004 order, directing appellant to make full and complete restitution as delineated in the order. Specifically, appellant argues that the trial court was divested of jurisdiction to further act in the criminal matter and impose further sanctions after expiration of appellant's term of probation. The State concedes and concurs that the trial court's January 14, 2004 order is void for lack of jurisdiction. This Court agrees.
 {¶ 9} R.C. § 2951.09 states in relevant part: "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Pursuant to that provision, this Court has recognized the trial court's lack of jurisdiction to further impose sentence after the termination of a defendant's probationary period in the absence of any tolling of the probationary period. Rash v. Anderson (May 7, 1997), 9th Dist. No. 97CA006728, affirmed (1997), 80 Ohio St.3d 349. The probationary period is tolled, where a probationer absconds or otherwise absents himself from the jurisdiction of the court without permission from either the court or county probation department, or where the probationer is confined in any institution for the commission of an offense. R.C. 2951.07; see, also, Rash.
 {¶ 10} In this case, the trial court imposed a four-year period of probation on appellant on November 1, 1999. There is nothing in the record to indicate that such probationary period was ever either extended or tolled. Therefore, the appellant would have been discharged from probation on November 1, 2003. The trial court's order entering judgment against appellant in favor of newly enumerated victims and imposing specific restitution was issued January 14, 2004, two-and-a-half months after appellant's period of probation ended. At that time, the trial court was divested of jurisdiction to impose additional sanctions against appellant. Therefore, the January 14, 2004 restitution order was void ab initio. Under these circumstances, this Court finds that the trial court improperly issued the January 14, 2004 restitution order. Appellant's second assignment of error is sustained.
 FIRST ASSIGNMENT OF ERROR
"The trial court lacked statutory authority to order appellant to pay restitution."
 THIRD ASSIGNMENT OF ERROR
"The trial court's judgment was entered in violation of appellant's constitutional rights of due process."
 {¶ 11} Due to this Court's disposition of appellant's second assignment of error, we need not reach the merits of the first and third assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 12} Accordingly, the judgment of the Summit County Court of Common Pleas is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J., Batchelder, J. Concur.