OPINION *Page 2 
{¶ 1} Defendant-appellant Jimmie D. Carr appeals the November 1, 2007 Judgment Entry entered by the Tuscarawas County Court, Uhrichsville, Ohio, that ordered him to pay restitution for medical expenses and lost wages in the total amount of $497.20. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} Appellant was convicted after a court trial on one count of assault. The court sentenced appellant on January 12, 2006 to sixty days in jail, fifty-eight days suspended. Additionally appellant was ordered to write a letter of apology to the victim. Further appellant was to perform 30 hours of community service. A fine of $200.00 plus court costs was assessed. Medical expenses incurred by the victim was to be paid. However, the trial court did not place a specific amount to be paid for the victim's medical expenses. The period of probation was one year. (T., January 12, 2006 at 10). The sentencing entry was filed by the trial court on January 17, 2006.
 {¶ 3} A Motion to Revoke appellant's probation was filed by the State on January 16, 2007. The motion was heard on March 22, 2007. At that time, the victim stated that her insurance company had paid $388.80 of her bill from the Newcomerstown ER squad. The victim testified that her out-of-pocket medical expenses amounted to $97.20, the amount that was not paid by her insurer. (T., March 22, 2007 at 9). The Court additionally heard testimony on the issue of lost wages. The victim's employer testified that he thought she made $10.00 an hour in 2006. (Id. at 13-14). The employer estimated that the victim had lost $400.00 in wages (Id. at 15). *Page 3 
 {¶ 4} At the end of the March 22, 2007 hearing, the trial court took the matter under advisement. The Court by Judgment Entry filed March 22, 2007, requested the victim provide copies of checks and co-pays to the court within 14-days. The court set the case for a further hearing on the issues of the amount of lost wages and medical expenses of the victim for August 16, 2007.
 {¶ 5} At the August 16, 2007 hearing, the Judge found that appellant had successfully completed his one-year period of probation. (T., August 16, 2007 at 3). At the conclusion of the hearing, appellant's counsel requested a transcript of the March 22, 2007 hearing, which the trial court granted. The court further noted that a hearing would be scheduled upon completion of the transcript.
 {¶ 6} On August 29, 2007, appellant filed a "memorandum" arguing that the trial court had lost jurisdiction to order restitution and further to include in that sum an amount for lost wages. The trial court conducted a hearing on October 30, 2007. At the conclusion of the hearing, the trial court ordered appellant to pay $97.20 to the Newcomerstown ER Squad and $400.00 for the victim's lost wages. The order was journalized on November 1, 2007.
 {¶ 7} It is from this entry appellant appeals, raising as his sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT AFTER TESTIMONY HAS NO JURISDICTION TO RECONSIDER A VALID SENTENCE AND ORDER LOST WAGES AND MEDICAL EXPENSES." *Page 4 
 I. {¶ 9} In his sole second assignment of error, appellant argues that the trial court erred in issuing its November 1, 2007 order, directing appellant to make full and complete restitution as delineated in the order. Specifically, appellant argues that because his term of probation had ended, the trial court was divested of jurisdiction to revise the original order of restitution to include lost wages of the victim, and an amount for medical expenses that was not specifically set forth in that order. We agree.
 {¶ 10} "Generally, in a criminal case, the final judgment is the sentence. The sentence is the sanction or combination of sanctions imposed by the sentencing court on an offender who pleads guilty to or is convicted of an offense. R.C. 2929.01 (FF). The sentence imposed on an offender for a felony may include financial sanctions, including restitution in an amount based on the victim's economic loss. R.C. 2929.18(A) (1)." (Citations omitted) State v. Danison,105 Ohio St. 3d 127, 2005-Ohio-781, 823 N.E.2d 444, ¶ 6. "[A]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence and, as such, is a final and appealable order." Id. at ¶ 8.
 {¶ 11} Crim. R. 32(C) expressly provides that a judgment in a criminal case "is effective only when entered on the journal by the clerk." The rule reflects the axiom that courts speak only through their journal entries. See State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335,337, 686 N.E.2d 267, 269; Schenley v. Kath (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph two of the syllabus.
 {¶ 12} Based on the foregoing, appellant's one-year probationary period did not commence until his judgment of conviction and sentence was filed, i.e., January 17, 2006. *Page 5 
 {¶ 13} In the case at bar, the record further indicates the State filed a motion alleging appellant violated the terms and conditions of his probation on January 16, 2007, prior to the expiration of his original period of probation. However, the trial court did not file its judgment entry ordering appellant to pay a specific amount of medical expenses and the victim's lost wages until November 1, 2007, well after the expiration of the original period of probation had expired.
 {¶ 14} In matters of criminal sentencing, the trial court does not have inherent power to act, but has only such power as is conferred by statute or rule. See State ex rel. Mason v. Griffin, 104 Ohio St.3d 279,2004-Ohio-6384, 819 N.E.2d 644, at ¶ 15; see, also, State v. Moore, 4th Dist. No. 03CA18, 2004-Ohio-3977, 2004 WL 1689674, at ¶ 10. Nothing within R.C. 2929.28 gives the trial court statutory authority to increase the restitution amount after imposing sentence.
 {¶ 15} "It is also well established that a court cannot reconsider a valid final judgment in a criminal case. See State ex rel. Hansen v.Reed (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, citing Brook Parkv. Necak (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936; see, also, State v. Meister (1991), 76 Ohio App.3d 15, 19, 600 N.E.2d 1103.
 {¶ 16} In the case at bar, appellant would have been discharged from probation no later than January 17, 2007. The Judgment Entry filed November 1, 2007 was some ten (10) months after appellant's period of probation had ended. At that time, the trial court was divested of jurisdiction to impose additional sanctions against appellant. State v.Purnell, 171 Ohio App.3d 446, 450, 2006-Ohio-6160 at ¶ 11;871 N.E.2d 613, 616; State v. Williams, Summit App. No. 21973, 2004-Ohio-6545
at ¶ 10; State v. McKinney, *Page 6 
Fairfield App. No. 03CA083, 2004-Ohio-4035 at ¶ 19. Because the trial court in this case had no statutory authority to increase the restitution amount after imposing sentence in January 2006, its November, 2007 entry is a legal nullity. State v. Purnell, supra.
 {¶ 17} The state argues that the January 2006 sentencing entry should nevertheless be deemed interlocutory, because the trial court stated at the sentencing hearing that a hearing on restitution would be held at a later date. However, if the amount of restitution was not ascertainable at the time of the original sentencing hearing, the proper course is to continue the sentencing hearing until the amount of restitution can be determined. State v. Purnell, supra at ¶ 17. (Painter, J. concurring).
 {¶ 18} This does not leave the victim without recourse. R.C. 2929.28
provides:
 {¶ 19} "(G) No financial sanction imposed under this section shall preclude a victim from bringing a civil action against the offender." *Page 7 
 {¶ 20} Based on the foregoing, the trial court's November 1, 2007 judgment ordering restitution in the amount of $497.20 is reversed and appellant is discharged from further proceedings concerning the probation violation charge.
By Gwin, P.J., and Delaney, J., concur; Edwards, J., concurs separately
[1] A Statement of the Facts underlying Appellant's conviction is unnecessary to our disposition of this case; therefore, such shall not be included herein. *Page 8