[Cite as *State v. Lloyd*, 2015-Ohio-3636.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2015-05-038

: O P I N I O N
- vs - 9/8/2015

:

DAMON SHAWN LLOYD, :

    Defendant-Appellant. :

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 06 CR 23706

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Damon Shawn Lloyd, #A547349, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Damon Shawn Lloyd, appeals from a decision of the Warren County Court of Common Pleas modifying his sentence and denying his motion for resentencing.

{¶ 2} Following a bench trial, Lloyd was found guilty of one count of murder in violation of R.C. 2903.02(A) with a firearm specification. He was sentenced to 15 years to life

in prison with a consecutive three-year prison term for the firearm specification, along with various financial sanctions.

{¶ 3} Years later, Lloyd filed a motion for resentencing based on a void judgment. Therein, Lloyd argued the portion of his sentence relating to costs, fees and restitution was void because the trial court failed to advise him that he could be ordered to perform community service if he failed to pay those financial sanctions. The trial court vacated that portion of Lloyd's sentence related to costs, court-appointed counsel fees and other fees, but otherwise denied Lloyd's motion for resentencing.

{¶ 4} Lloyd now appeals, raising three assignments of error for review. For ease of discussion, the assignments of error will be discussed out of order.

{¶ 5} Assignment of Error No. 2:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT VIOLATED R.C. 2929.19(B)(6), WHEN THE TRIAL COURT FAILED TO PROVIDE, BEFORE IMPOSING A FINANCIAL SANCTION UNDER SECTION 2929.18 OF THE REVISED COSE, THAT THE TRIAL COURT SHALL CONSIDER THE OFFENDER'S PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF THE SANCTION OR FINE.

{¶ 7} Lloyd's original judgment entry of sentence stated: "Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. 2929.18(A)(4), for which execution is hereby ordered." However, the entry did not set forth the amount of restitution to be paid. The court also declined to check the box finding Lloyd capable of paying restitution. The state argues that the doctrine of res judicata bars Lloyd from raising the issue of restitution where he could have raised it on direct appeal.

{¶ 8} We find that the restitution order was contrary to statute. R.C. 2929.18

provides that an offender may be ordered to pay restitution and sets out several requirements should the court impose restitution, including requiring the court to determine at sentencing the amount of restitution to be paid. The imposition of restitution in the judgment entry of sentence without such a determination was contrary to statute, and therefore, void. *State v. Gipson*, 12th Dist. Warren No. CA2011-02-015, 2011-Ohio-5747, ¶ 14. Accordingly, the doctrine of res judicata does not bar Lloyd from arguing that the trial court erred in imposing restitution.

{¶ 9} In denying Lloyd's motion for resentencing, the trial court found that it had "declined to find the Defendant has or is reasonably expected to have the means to pay the financial sanctions" in the original judgment entry of sentencing. A review of the original judgment entry of sentencing confirms that finding. The trial court has thus acknowledged that it did not intend to order Lloyd to pay any financial sanctions. Therefore, the trial court's restitution order is hereby vacated.

{¶ 10} Lloyd's second assignment of error is hereby sustained to the extent the imposition of restitution in the original judgment entry of sentence was void.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHEN IT VIOLATED R.C. 2947.23(A)(1)(A), WHEN THE TRIAL COURT FAILED TO NOTIFY THE DEFENDANT-APPELLANT AT "SENTENCING" ON MARCH 29TH, 2007 THAT FAILURE TO PAY COURT COSTS, RESTITUTION, AND ANY AND ALL PROSECUTION COSTS, AND COURT APPOINTED COUNSEL COSTS COULD RESULT IN AN ORDER REQUIRING DEFENDANT-APPELLANT TO PERFORM COMMUNITY SERVICE "UNTIL JUDGMENT IS PAID OR UNTIL THE COURT IS SATISFIED THAT THE DEFENDANT-APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE." SEE: R.C. 2947.23(A)(1)(A).

{¶ 13} Assignment of Error No. 3:

{¶ 14} TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO "OBJECT" TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS, RESTITUTION, AND ANY AND ALL PROSECUTION COSTS, AND COURT APPOINTED COUNSEL COSTS AS THE TRIAL COURT DID NOT NOTIFY DEFENDANT-APPELLANT MR. LLOYD, THAT HIS FAILURE TO PAY ANY AND ALL COSTS MAY RESULT IN THE COURT ORDERING THE DEFENDANT-APPELLANT TO PERFORM COMMUNITY SERVICE "UNTIL THE JUDGMENT IS PAID OR UNTIL THE COURT IS SATISFIED THAT THE DEFENDANT-APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE." SEE R.C. 2947.23(A)(1)(A).

{¶ 15} The trial court's entry, dated April 9, 2015, vacated "the order for the Defendant to pay costs, court-appointed counsel fees and other fees." As the trial court has vacated that portion of Lloyd's sentence regarding costs, and this court has vacated that portion of Lloyd's sentence regarding restitution under the second assignment of error discussed above, Lloyd's arguments under the first and third assignments of error are rendered moot. Accordingly, Lloyd's first and third assignments of error are overruled.

{¶ 16} Judgment affirmed as modified to reflect that the restitution order is vacated.

PIPER, P.J., and M. POWELL, J., concur.