[Cite as *State v. McMullen*, 2015-Ohio-3741.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-140562
                                            TRIAL NO. B-1306752
    Plaintiff-Appellee,        :
                                            *O P I N I O N.*
  vs.                              :

PATRICIA L. MCMULLEN,             :

    Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 16, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond L. Katz*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Patricia L. McMullen appeals from a conviction for theft under R.C. 2913.02(A).  We find no merit in her two assignments of error and we affirm the trial court's judgment.

{¶2}   McMullen was the property manager of a large apartment complex. She was indicted for theft after she collected rent payments from multiple tenants, but failed to forward those payments to the property owners.  According to the property owners, McMullen stole $101,290 from them, although she disputed that amount.

{¶3}   Under the terms of a plea agreement, McMullen pleaded guilty to theft and agreed to pay $40,000 in restitution to the property owners.  The trial court sentenced her to three years of community control and ordered her to pay the agreed amount of restitution.  This appeal followed.

{¶4}   In her first assignment of error, McMullen argues that the trial court erred in ordering restitution without determining her ability to pay.  As a general rule, R.C. 2929.19(B) requires a sentencing court, before imposing a financial sanction, to consider the offender's present and future ability to pay.  *State v. Andrews*, 1st Dist. Hamilton No. C-110735, 2012-Ohio-4664, ¶ 30.  The court need not hold a hearing, consider any factors, or make any specific findings on the record. But the record must contain some evidence showing that the court considered the offender's ability to pay.  *Id.* at ¶ 30-31.

{¶5}   But courts have held that when the defendant agrees to pay restitution as part of a plea agreement, the agreement serves as a sufficient basis to support the trial court's order and precludes the defendant from complaining about it on appeal.

*See State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 8; *State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 22. "When the agreement to pay restitution to the victim is part and parcel of a plea agreement, there is no reversible error in imposing a financial sanction, without first determining the defendant's ability to pay." *Coburn* at ¶ 22.

{¶6} The record shows that the parties specifically negotiated the amount of restitution as part of the plea agreement. The victim claimed losses of over $100,000, but under the agreement, McMullen was to pay restitution of $40,000. The trial court specifically inquired as to whether McMullen understood that part of the agreement, and she stated that she did. Though she disputed the owners' original assessment of damages, she never objected to paying $40,000 in restitution and cannot now raise the issue for the first time on appeal. Consequently, we overrule McMullen's first assignment of error.

{¶7} In her second assignment of error, McMullen contends that her plea was not knowingly, intelligently, and voluntarily made. She argues that she was not aware of the state's evidence against her and that she was coerced into agreeing to the amount of restitution. This assignment of error is not well taken.

{¶8} The record shows that the trial court strictly complied with the provisions of Crim.R. 11(C) relating to the constitutional rights that McMullen was waiving and substantially complied in all other respects. *See State v. Ballard*, 66 Ohio St.2d 473, 475-478, 423 N.E.2d 115 (1981); *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 8. The court conducted a meaningful dialogue to ensure that McMullen's plea was made knowingly, intelligently, and voluntarily. *See Fields* at ¶ 10.

3

{¶9}   McMullen never questioned the agreed amount of restitution or expressed any misgivings about the plea agreement.   To the contrary, the record shows that the parties engaged in active negotiation about the amount of restitution.   Under the circumstances, we cannot hold that her plea was not knowingly, intelligently, and voluntarily made.   Consequently, we overrule McMullen's second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.