[Cite as *State v. Romanko*, 2017-Ohio-739.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104158**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ZORYANA ROMANKO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-583903-A

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 2, 2017

**APPELLANT**

Zoryana Romanko, pro se
Inmate No. W090252
Northeast Pre-Release Center
2675 E. 30th Street
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Edward Brydle
Assistant Prosecuting Attorney
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Zoryana Romanko appeals the trial court's imposition of consecutive sentences after the case was remanded for the trial court to consider whether consecutive sentences were appropriate under R.C. 2929.14(C)(4) and, if so, to make the findings required by the statute. For the reasons that follow, we affirm.

### Procedural and Factual Background

**{¶2}** Romanko used her position as a housekeeper to steal jewelry, antiques and treasured heirlooms from families for whom she worked then sell the items to local pawnbrokers. Over a twenty-two-month period, Romanko conducted 139 transactions with pawnbrokers selling, in exchange for payments totaling more than $69,000. As part of a plea agreement, Romanko pled guilty to two counts of burglary and one count of grand theft in Cuyahoga C.P. No. CR-14-583903 and one count of burglary in Cuyahoga C.P. No. CR-14-585536. Romanko also agreed to pay a total of $13,150 in restitution to three of her victims.

**{¶3}** In Case No. CR-14-583903, Romanko was sentenced to two-year concurrent prison terms on each of the burglary counts and 18 months on the grand theft count which was to be served consecutively to the sentences imposed on the burglary counts. In Case No. CR-14-585536, Romanko was sentened to two years in prison on the burglary count, to be served consecutively to the sentences imposed in Case No. CR-14-583903, resulting in an aggregate prison sentence of five-and-one-half years. The trial court also imposed three years of mandatory postrelease control and ordered the payment of $13,150 in

restitution and costs.

{¶4} Romanko appealed her convictions and sentences to this court, arguing, as her sole assignment of error, that the trial court had erred in imposing consecutive sentences without making the statutory findings required under R.C. 2929.14(C). This court agreed and remanded the case for resentencing "for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the findings required by the statute." *State v. Romanko,* 8th Dist. Cuyahoga No. 101921, 2015-Ohio-4759, ¶ 11 ("*Romanko I*").

{¶5} At the resentencing hearing, the trial judge heard from defense counsel, Romanko and the state. She then announced that, based upon (1) her review of this court's opinion in *Romanko I*, the presentence investigation report and the transcript from the initial sentencing hearing and (2) her consideration of "what everyone has said here today" and "the purposes and principles of the Ohio Revised Code Sections regarding sentencing," she had determined that "the original sentence was appropriate" under R.C. 2929.14(C)(4). Accordingly, in Case No. CR-14-583903, Romanko was sentenced to two-year concurrent prison terms on each of the burglary counts and 18 months on the grand theft count which was to be served consecutively to the sentences on the burglary counts. In Case No. CR-14-585536, Romanko was sentenced to two years in prison on the burglary count to be served consecutively to the sentences imposed in Case No. CR-14-583903.

{¶6} The trial court then proceeded to state the findings in support of its

imposition of consecutive sentences as follows:

THE COURT: Now, I make the following findings to support the sentences I just gave, the consecutive sentences.

I find that consecutive sentences are necessary to protect the public from future crime. * * *

[T]here is no reason for me to believe that had you not been caught, that you would not have continued on this crime spree.

The best indicator of your future behavior is your past behavior, and I think it's necessary to protect the public from future crime by you.

Now, this is an alternative, but I find this as well. I also find it's necessary to punish you, the offender, someone who violates the trust of people, who let you into their home, need to be severely punished.

People need to be confident in the security of their home.

I also note that it's not just the financial, which is truly a significant number, but also the emotional damage that you caused each and every one of these offenders, coin collections of a family, broaches, wedding rings, and, in the one instance, the [sic] one family was expecting to use the proceeds from these items to care for their elderly mother.

I also find it's not disproportionate to the seriousness of your conduct, and to the danger you pose to the public.

You got two years on each of the burglary counts. Each is a separate victim.

To get the minimum, it cannot be considered disproportionate.

And you also pose a danger to the public, a danger to their security, a danger to their possessions, and possessions that mean so very much to them.

And you did this over a significant period of time.

And, actually, I did count the numbers of the victims. It's nine. I see that in my notes, now, and I checked this several times.

And I also find that at least two of the multiple offenses were committed as part of one or more courses of conduct.

This is a course of conduct of you accepting a job and being paid for it, and, in addition, to being paid for it, robbing these people.

It was a course of conduct for you to go from home to home and victim to victim, taking their belongings.

I also find that the harm caused by two or more of the multiple offenses you committed were so great, I'm sorry, was so great or unusual that no single prison term for any of the offenses committed as matter of any of these courses of conduct adequately reflect the seriousness of the Defendant's conduct.

I must repeat. This is very serious conduct. You took advantage of these people. You went into their home. You tricked them. They thought of you as their family, as their friend.

And when you had them in that vulnerable position, you robbed them of things that were just the very most important things to them, short of the lives and well-being of their family.

But you took things that were so very important to them, and they're never going to get them back.

Forget that they're not being financially made whole, they are not emotionally, psychologically being made whole, and that's offered by the victims who came in and testified at the time of the original sentence.

The Prosecutor amended the burglary counts to include all victims. Each is a separate home, each is a separate trust relationship that you so seriously violated. And you must be held accountable for these.

So my sentence stands.

**{¶7}** The trial court incorporated its findings into its February 25, 2016 journal entry as follows:

FIND: CONSECUTIVE SENTENCE IS NECESSARY TO PROTECT

PUBLIC FROM FUTURE CRIME OR PUNISH OFFENDER AND NOT DISPROPORTIONATE TO THE SERIIOUSNESS [sic] OF OFFENDER'S CONDUCT AND TO THE DANGER THE OFFENDER POSES TO THE PUBLIC. AT LEAST TWO (2) OF THE MULIPLE [sic] OFFENES [sic] COMMITTED AS PART OF ONE OR MORE COURSES OF CONDUCT AND THE HARM CAUSED BY TWO OR MORE OF THE MULITIPLE OFFENESE [sic] SO COMMITTED WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM FOR ANY OF THE OFFENSES COMMITETED [sic] AS PART OF ANY OF THE COURSES OF CONDUCT ADEQUATELY REFLECTS THE SERIOUSNESS OF THE OFFENDER'S CONDUCT. THE HISTORY OF CRIMINAL CONDUCT DEMONSTRATES CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME BY THE OFFENDER.

{¶8} Once again, Romanko appealed the trial court's imposition of consecutive sentences.

{¶9} After filing the appeal, Romanko's appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1997) and moved for leave to withdraw as counsel pursuant to Loc.App.R. 16(C) and 44(B), indicating that "a thorough review of the record reveals that an appeal would be wholly frivolous."

**Law and Analysis**

{¶10} *Anders* "sets forth a procedure for ensuring that an indigent defendant's right to counsel on appeal is honored when his attorney asserts that the appeal is without merit." *State v. Taylor*, 8th Dist. Cuyahoga No. 101368, 2015-Ohio-420, ¶ 6. If counsel thoroughly reviews the record and concludes, "after a conscientious examination of it," that an appeal is "wholly frivolous," counsel may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Counsel must also furnish a copy of the brief to his or her client in sufficient time to allow the client to file his or her own brief, pro se. *Id.* The appellate court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If the appellate court determines that an appeal would be "wholly frivolous," i.e., that there are no appealable issues of arguable merit, "it may grant counsel's request to withdraw and dismiss the appeal * * *." *Id.*; *see also* Loc.App.R. 16(C). If, however, the court finds "any of the legal points arguable on their merits," it must afford the appellant assistance of counsel to argue the appeal before deciding the merits. *Anders* at 744.

{¶11} In this case, counsel filed a motion to withdraw, detailing the basis for her belief that an appeal would be wholly frivolous in accordance with *Anders*. Appellate counsel identified the potential arguments that could be raised related to the resentencing as required by *Anders* and explained why she believed those arguments were not

meritorious. Specifically, she addressed whether the trial court had fulfilled its obligations on remand to determine whether consecutive sentences were appropriate and, if so, to make the requisite findings supporting the imposition of consecutive sentences under R.C. 2929.14(C)(4). She concluded that the trial court did so. She further indicated that Romanko had been "effectively represented by counsel" at the resentencing hearing and "afforded all of her constitutional and statutory rights." A copy of the motion was served on Romanko.

{¶12} Romanko filed a pro se brief in which she raised the following five assignments of error for review:

> Assignment of Error 1: The trial court erred because it did not make the findings required by R.C. 2929.14(C)(4), BEFORE imposing consecutive sentences.
>
> Assignment of Error 2: The trial court erred because it failed to make consider [sic] the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism findings [under] R.C. 2929.12; and imposed consecutive sentences that are not supported by evidence on the record and are contrary to law.
>
> Assignment of Error 3: The defendant's Sixth Amendment right to the effective assistance of counsel under the United States Constitution was violated in that both trial counsel and appellate counsel rendered ineffective assistance of counsel.
>
> Assignment of Error 4: The trial court abused its discretion in ordering restitution by the defendant without considering her present and future ability to pay and contrary to the law under R.C. 2929.18(A).
>
> Assignment of Error 5: The trial court erred to the prejudice of the defendant in failing to merge her convictions for burglary with the associated theft offense. The charge of burglary should not have stood

because the defendant did not ''trespass'_ as required in the statute. The failure to merge the theft with the respective burglaries is in violation of the mandate contained R.C. 2941.25, the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article [O]ne, section 10 of the Ohio Constitution.

{¶13} We have examined and considered the potential arguments identified by appointed counsel and the arguments raised in Romanko's pro se brief. In addition, we have conducted an independent review of the record from the resentencing, including the transcript from the resentencing hearing, to determine if any arguably meritorious issues exist. *Anders*, 386 U.S. at 744, 87 S.Ct.1396, 18 L.Ed.2d 493. We find no arguably meritorious issue.

### Scope of Appeal from a Resentencing Following Remand

{¶14} As an initial matter, we note that an appeal from a resentencing following a remand from a successful appeal is limited to those issues that arise from the resentencing. As this court previously stated in *State v. Hicks*, 8th Dist. Cuyahoga No. 104676, 2016-Ohio-8062, "[t]he Ohio Supreme Court has made this proposition clear":

> The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. The doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence.

*Hicks* at ¶ 8, quoting *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30. Thus, in this appeal, Romanko may only raise issues that arise from her resentencing. *Hicks* at ¶ 8, citing *Wilson* at ¶ 33.

**Trial Court's Imposition of Consecutive Sentences**

{¶15} Only Romanko's first two assignments of error relate to her resentencing. In her first assignment of error, Romanko argues that the trial court's imposition of consecutive sentences is contrary to law because the trial court made the findings supporting its imposition of consecutive sentences after it announced it would be imposing consecutive sentences. She contends that under R.C. 2929.14(C)(4), the trial court had to make the findings supporting the imposition of consecutive sentences *first,* then announce its decision to impose consecutive sentences. In her second assignment of error, Romanko contends that the record fails to support the findings made by the trial court when imposing consecutive sentences. Specifically, she argues that the trial court "failed to make the statutory findings of seriousness and recidivism under R.C. 2929.12(B)(C)(D) & (E)," that "[t]here are no statutory or non-statutory factors under R.C. 2929.12 tending to show Ms. Romanko is likely to commit future crimes" and that the concepts of rehabilitation and recidivism do not support sentencing a "forty-two-year-old, first-time, non-violent offender" to five years in prison. She also contends that, because there was no evidence that any of her victims suffered any "physical harm," the record does not support the trial court's finding under R.C. 2929.14(C)(4)(b) that "the harm * * * was so great or unusual that no single prison term *

* * adequately reflects the seriousness" of her conduct.

{¶16} As this court explained in *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, there are two ways a defendant can challenge consecutive sentences on appeal:

> First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 16, 15 N.E.3d 892. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia*.

*Johnson* at ¶ 7. Pursuant to R.C. 2953.08(G)(2)(a), an appellate court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly" finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶17} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses

of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶18}** The trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. To make the requisite "findings" under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). A trial court need not give a "talismanic incantation of the words of the statute" when imposing consecutive sentences, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶19}** In this case, the record shows that the trial court made the requisite findings for imposing consecutive sentences under R.C. 2929.14(C)(4) at the resentencing hearing and incorporated those findings into the journal entry attendant to that hearing. The trial court expressly found that consecutive sentences are necessary to protect the public from future crime and to punish Romanko, R.C. 2929.14(C)(4), that consecutive sentences were not disproportionate to the seriousness of her conduct and the danger she poses to the public, *id.*, that at least two of the multiple offenses were committed as part

of a course of conduct and that the harm caused by two or more of those offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of her conduct, R.C. 2929.14(C)(4)(b). There is nothing in R.C. 2929.14(C)(4) (or otherwise) that requires a trial court to articulate its findings supporting the imposition of consecutive sentences *before* announcing its decision to impose consecutive sentences at a sentencing hearing. Accordingly, Romanko's first assignment of error is meritless.

{¶20} The trial court's findings under R.C. 2929.14(C)(4) are clearly supported by the record. As the trial court stated at the resentencing hearing, nine victims were involved, i.e., people who "thought of [Romanko] as their family, as their friend." The record reflects that Romanko took advantage of these individuals by going into their homes, violating the trust they had bestowed upon her, "trick[ing] them" and robbing them of the "things that were just the very most important things to them, short of the lives and well-being of their famil[ies]" — "very serious conduct" from which the victims would not ever be financially, emotionally or psychologically "made whole." The record further reflects that Romanko's convictions did not arise from an isolated incident but that Romanko used her position to steal from these families many, many times over a 22-month period. As the trial court found, Romanko's crimes arose from a "course of conduct" involving her "accepting a job and being paid for it, and, in addition, * * * robbing these people" "go[ing] from home to home and victim to victim, taking their belongings."

{¶21} The fact that none of Romanko's victims were shown to have suffered "physical harm" did not preclude the trial court from imposing consecutive sentences based on its finding under R.C. 2929.14(C)(4)(b). R.C. 2929.14(C)(4)(b) requires only that the trial court find that "the harm caused" by two or more multiple offenses committed by the defendant "was so great or unusual that no single prison term for any of the offenses committed * * * adequately reflects the seriousness of the offender's conduct." It does not require a finding that the defendant caused "physical harm" to any victim.

{¶22} Here, the trial court found that Romanko's victims suffered both significant financial harm as well as psychological and emotional harm based on the nature of the possessions Romanko stole and pawned, i.e., prized family heirlooms "that were so very important to them [that] they're never going to get * * * back," and the manner in which she stole from them, i.e., abusing a position of trust and stealing from them while in their homes. Based on these facts, there is no arguably meritorious claim that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶23} Contrary to Romanko's arguments, the trial court was not required "to make * * * statutory findings of seriousness and recidivism under R.C. 2929.12(B)(C)(D) & (E)" or to consider the factors set forth in R.C. 2929.12 when imposing consecutive sentences. *See* R.C. 2929.14(C)(4); *see also State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 9 ("R.C. 2929.12 guides a sentencing judge's discretion only

on individual counts[.] * * * R.C. 2929.12 is not statutorily applicable to consecutive sentencing issues.").[1]   Accordingly, Romanko's second assignment of error is meritless.

**Effective Assistance of Trial and Appellate Counsel**

{¶24} In her third assignment of error, Romanko argues that both her trial counsel and her appellate counsel in *Romanko I* failed to provide effective assistance.  She asserts that trial counsel failed to give her "professionally competent advice" regarding the elements of burglary and whether they could be proven in her case and that, were it not for the deficient performance of  counsel, she would not have pled guilty to the burglary counts.   She also contends that trial counsel provided ineffective assistance by failing to file an affidavit of indigence on her behalf and by failing to request that the burglary and grand theft counts be merged for sentencing as allied offenses of similar import.   With respect to appellate counsel, Romanko contends that her appellate counsel provided ineffective assistance by "failing to peruse the transcripts of the hearings and finding merit issues to raise upon appeal" in *Romanko I.*

---

[1]Indeed, even if the trial court was required to consider the purposes and principles of felony sentencing or the R.C. 2929.12 factors in deciding whether to impose consecutive sentences, the record reflects that it did so.  The trial judge expressly stated at the resentencing hearing that she considered "the purposes and principles of the Ohio Revised Code Sections regarding sentencing" in determining that consecutive sentences were appropriate under R.C. 2929.14(C)(4).  The trial court's February 25, 2016 resentencing journal entry likewise reflects its consideration of such factors, stating: "THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11."  *See, e.g., State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11 (trial court's consideration of R.C. 2929.11 principles and purposes of sentencing and R.C. 2929.12 sentencing factors was established where trial court stated, in its sentencing journal entry, that it had considered the required factors); *see also State v. Sutton*, 8th Dist.

**{¶25}** These issues do not relate to or arise from Romanko's resentencing. As such, they are outside the scope of this appeal. Romanko could have raised claims of ineffective assistance of trial counsel in her original appeal (if based on evidence in the record) or by means of a petition for postconviction relief (if based on evidence outside the record). *See, e.g., State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 26. Claims of ineffective assistance of appellate counsel are raised in this court by filing an application to reopen the appeal. *See* App.R. 26(B).

**Restitution**

**{¶26}** In her fourth assignment of error, Romanko argues that the trial court abused its discretion in ordering her to pay $13,150 in restitution without considering her present and future ability to pay in accordance with R.C. 2929.19(B)(5). R.C. 2929.19(B)(5) provides, in relevant part: "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction * * *."

**{¶27}** The restitution at issue was imposed by the trial court at Romanko's original sentencing hearing. If Romanko believed the trial court erred in not determining her present and future ability to pay, she should have raised that issue in her prior appeal. She did not. Accordingly, her restitution argument is barred by the doctrine of res judicata. *See, e.g., State v. Downey*, 12th Dist. Clermont No. CA2016-02-006, 2016-Ohio-5778, ¶ 19 (defendant's claim that trial court erred in its determination of his

Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72.

ability to pay restitution was barred by res judicata where he failed to directly appeal that issue); *State v. Luedeke*, 2d Dist. Montgomery No. 25798, 2014-Ohio-959, ¶ 11 (res judicata barred defendant's motions related to alleged improper imposition of restitution where he could have raised the issue of restitution on direct appeal); *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 25 ("[i]ssues pertaining to restitution and fines are matters for direct appeal"; because defendant had an opportunity to challenge the award of restitution during his direct appeal, his restitution arguments in motion for modification or correction of his sentence were barred by res judicata).

{¶28} Furthermore, in this case, the record reflects that Romanko expressly agreed to pay the restitution ordered by the trial court as part of her plea agreement. "'When the agreement to pay restitution to the victim is part and parcel of a plea agreement, there is no reversible error in imposing a financial sanction, without first determining the defendant's ability to pay.'" *State v. McMullen*, 1st Dist. Hamilton No. C-140562, 2015-Ohio-3741, ¶ 5, quoting *State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 22; *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 8 ("when the [s]tate and the defense enter into a stipulation as to the amount of restitution, the stipulation is sufficient to support the trial court's order and precludes the defendant from complaining about it on appeal"); *State v. Allen*, 8th Dist. Cuyahoga No. 96952, 2012-Ohio-1193, ¶ 9-10 (where defendant specifically agreed to pay restitution as part of his plea deal, trial court did not need to determine his ability to pay; "if the parties stipulate to the restitution amount, the defendant is precluded from

raising the court's failure to determine his ability to pay as an assigned error"). "If there is a plea agreement, the trial court may satisfy its burden to consider a defendant's ability to pay by asking the defendant if he understands that the restitution amount is part of the sentence." *St. Martin* at ¶ 6-10, citing *State v. Myrick*, 8th Dist. Cuyahoga No. 91492, 2009-Ohio-2030, ¶ 31.

**{¶29}** In this case, the trial court specifically asked Romanko whether she understood that she was agreeing to pay restitution totaling $13,150 as part of her plea and she stated that she did. Neither she nor her counsel raised any objection to the payment of restitution or claimed that she would be unable to pay it. Accordingly, Romanko's fourth assignment of error is meritless.

**Allied Offenses**

**{¶30}** In her fifth and final assignment of error, Romanko argues that the trial court improperly sentenced her to allied offenses of similar import. She contends that the trial court erred in failing to merge her convictions for burglary with her conviction for grand theft.

**{¶31}** Romanko did not raise an allied offense issue at her original sentencing hearing. As such, the trial court made no finding regarding whether the burglary and grand theft counts were allied offenses of similar import. Nor did Romanko raise an allied offense issue in her prior appeal.

**{¶32}** In *State v. Williams*, Slip Opinion No. 2016-Ohio-7658, the Ohio Supreme Court stated that where, as here, a trial court "fails to make any finding" regarding

whether two or more offenses are allied offenses of similar import, "imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id.* at ¶ 26, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9. Because no allied offense issue was raised at the original sentencing hearing, because the trial court "fail[ed] to make any finding" at the original sentencing hearing regarding whether the burglary and grand theft offenses were allied offenses of similar import, and because Romanko did not claim that she had been improperly sentenced on allied offenses in her prior appeal, her argument is barred by res judicata. *Williams* at ¶ 23-26. As such, her allied offense argument is meritless.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J. and
SEAN C. GALLAGHER, J., CONCUR