[Cite as *State v. Tyers*, 2024-Ohio-5436.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CHRISTOPHER TYERS,

        Defendant-Appellant.

CASE NO. 2023-P-0078

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00546

**O P I N I O N**

Decided: November 18, 2024
Judgment:  Reversed and vacated

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John P. Laczko*, Portage County Public Defender, and *Alonda A. Bush*, Assistant Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}  Defendant-appellant, Christopher Tyers, appeals from the judgment of the Portage County Court of Common Pleas, converting its order of restitution to a civil judgment.  For the following reasons, we reverse and vacate the judgment of the lower court.

{¶2}  On June 17, 2021, Tyers was indicted by the Portage County Grand Jury on one count of Vandalism.  Tyers entered a plea of guilty to Attempted Vandalism, a misdemeanor of the first degree, in violation of R.C. 2909.05 and R.C. 2923.02.  The court

issued an August 2, 2021 Judgment Entry ordering that Tyers serve a jail term of 180 days, suspended on the conditions that he "have no similar offense for one year and . . . pay restitution through Adult Probation to the victim within one year, in an amount of $1,000 or more of which shall be determined by Adult Probation." Tyers did not appeal this sentence.

{¶3} A restitution hearing was scheduled for March 20, 2023, at which Tyers did not appear. A warrant was issued, he was arrested, and subsequent hearings were held. At a September 1, 2023 hearing, Tyers' counsel observed that he had been ordered to pay an "uncertain amount of restitution," to which the court responded that it was "a minimum of a thousand . . . because there was an issue with additional restitution that would have been owed." Counsel argued that the trial court "has to give Defendants a specific amount at sentencing."

{¶4} The prosecutor indicated that the amount of the broken sky light, for which the restitution was ordered, was around $1,900. The court stated, "Well, the amount that I said was one thousand, so I'm ordering that he pay that, but I'm going to convert it to a civil judgment against him." Regarding the amount, the prosecutor stated, "I think that it was nineteen hundred but we agreed to the thousand from trying to decipher the notes." Tyers indicated that, at the time he was charged, a sergeant "showed me a piece of paper that he had written a number of $999." Defense counsel concluded: "We are objecting to it being converted to a civil judgment because I don't believe this court has jurisdiction and we are giving notice that we will appeal." The court issued a September 1, 2023 Judgment Entry in which it granted a civil judgment for restitution in the amount of $1,000 against Tyers.

2

Case No. 2023-P-0078

**{¶5}** Tyers appeals and raises the following assignments of error:

**{¶6}** "[1.] The trial court lacked jurisdiction to hold a hearing on restitution after probation was successfully completed.

**{¶7}** "[2.] The trial court erred in not considering appellant's ability to pay restitution.

**{¶8}** "[3.] The trial court erred in ordering an uncertain amount of restitution.

**{¶9}** "[4.] The trial court erred in ordering restitution without a victim's request and without documentation of harm."

**{¶10}** Tyers' assigned errors relate to the trial court's order of restitution. "Our standard of review for felony sentencing as set forth in R.C. 2953.08(G)(2) also applies to restitution in felony sentences. *State v. Blas*, 2018-Ohio-2461, ¶ 13 (11th Dist.). "Therefore, we will not reverse a sentence imposing restitution unless it is either contrary to law or clearly and convincingly not supported by the record." *State v. Moore*, 2019-Ohio-2512, ¶ 43 (11th Dist.). However, "[w]hether a court has jurisdiction to hear a case is a matter of law that we review de novo." *State v. Rue*, 2019-Ohio-1720, ¶ 5 (11th Dist.).

**{¶11}** We initially address whether it is proper to appeal from the order of restitution at this stage of the proceedings since restitution was initially ordered in the August 2, 2021 sentencing entry. Generally, errors relating to the imposition of restitution must be raised in a direct appeal from the order of restitution or such arguments are barred by the doctrine of res judicata. *State v. Lintz*, 2011-Ohio-6511, ¶ 50 (11th Dist.) ("Appellant alleges that the trial court erred by ordering restitution. However, this could have been raised on direct appeal. It was not. Thus, this argument is barred by res judicata and meritless."); *State v. Romanko*, 2017-Ohio-739, ¶ 27 (8th Dist.) (challenges

3

to restitution not raised in a direct appeal are barred by res judicata and are improperly challenged through post-judgment motions or appeals); *State v. Downey*, 2016-Ohio-5778, ¶ 19 (12th Dist.). In the present matter, Tyers did not appeal from the trial court's August 2, 2021 Judgment Entry ordering that he pay restitution. An appeal from that judgment would be barred by the doctrine of res judicata.

**{¶12}** Here, however, Tyers' notice of appeal indicates that he appeals the "conversion of a restitution amount for a civil judgment," i.e., the court's September 1, 2023 judgment. We observe that he attached an August 30, 2023 entry resetting the hearing on restitution for September 1 rather than the September 1, 2023 judgment. According to Local App.R. 3(C)(2), "[t]he appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed" and failure to do so "may result in the dismissal of the appeal." However, failure to attach the appealed entry is not a jurisdictional concern and since the notice of appeal appraised the appellee of the issue being appealed, we do not find dismissal is warranted. *Soukup v. Kircher*, 2013-Ohio-2818, ¶ 12-16 (11th Dist.). Further, Tyers contends in his first assignment of error that the court no longer had jurisdiction over him to issue a judgment on restitution as of September 1, 2023. Such a concern clearly could not have been raised in a prior appeal. Consideration of that judgment is proper in this appeal.

**{¶13}** In his first assignment of error, Tyers argues that the lower court did not have jurisdiction to modify the amount of restitution or otherwise issue its September 1, 2023 judgment on restitution since he had completed probation and a trial court does not retain continuing jurisdiction to modify financial sanctions.

**{¶14}** R.C. 2929.28(A) provides that "the court imposing a sentence upon an

4

offender for a misdemeanor . . . may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section."  "[T]he financial sanctions that may be imposed pursuant to this section include . . . restitution by the offender to the victim of the offender's crime . . . in an amount based on the victim's economic loss."  R.C. 2929.28(A)(1).  Further:

> [i]f the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim. The court shall determine the amount of restitution to be paid by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution.  The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. . . . If the court decides to or is required to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, victim's representative, victim's attorney, if applicable, or victim's estate disputes the amount of restitution.  The court shall determine the amount of full restitution by a preponderance of the evidence.

{¶15}  Pursuant to R.C. 2929.28(E) "[a] financial sanction of restitution imposed pursuant to division (A)(1) of this section is an order in favor of the victim of the offender's criminal act that can be collected" through a certificate of judgment from the clerk of court, which "shall be in the same manner and form as a certificate of judgment issued in a civil action"; execution of the judgment or order "through any available procedure, including any of the procedures identified in divisions (D)(1) and (2) of section 2929.18 of the Revised Code"; and through "an order for the assignment of wages of the judgment debtor under section 1321.33 of the Revised Code."  R.C. 2929.28(E)(1)-(3).  The statute further provides that the court imposing a sanction on an offender may designate the clerk of court or another person to collect the sanction and that the imposition of such sanction

5

does not preclude the victim from bringing a civil action against the offender. R.C. 2929.28(G) and (H).

{¶16} At the time of sentencing in 2021, the trial court ordered that Tyers "pay restitution through Adult Probation to the victim within one year, in an amount of $1,000 or more of which shall be determined by Adult Probation." While the court's order stated an amount of restitution of "$1,000 or more," there is no question that it constituted an order of at least $1,000 to be paid by Tyers. Tyers' own testimony demonstrated that he had seen paperwork indicating damages in the amount of $999 and comments at the September 1, 2023 hearing demonstrated that an amount of $1,000 of restitution had been contemplated by the parties. The 2021 award of restitution in the amount of $1,000 was valid. The portion of the award ordering that an amount of more than $1,000 "which shall be determined by Adult Probation," however, was invalid and a nullity since the amount of restitution must be ordered by the trial court. *State v. Moore*, 2002-Ohio-5047, ¶ 14 (7th Dist.). Tyers did not appeal the court's order of restitution in 2021. With the foregoing in mind, we must review whether the court was entitled to issue its September 1, 2023 order converting the August 2, 2021 judgment ordering restitution to a civil judgment.

{¶17} A review of the docket shows no action was taken in relation to the issue of restitution following the August 2, 2021 judgment until the court scheduled the restitution hearing in March 2023 and issued its subsequent September 1, 2023 judgment entry on restitution. No motion to revoke or other indication of a probation violation was filed prior to the termination of the period of probation.

{¶18} In general, "[o]nce an offender has completed his or her sentence, the trial

6

court loses jurisdiction to modify it." *State v. Brasher*, 2022-Ohio-4703, ¶ 15. This holding also applies to orders of restitution made after completion of a sentence, including a term of probation. *Id.* at ¶ 24; *State v. Carr*, 2008-Ohio-3423, ¶ 16 (5th Dist.). As a note, we recognize that the Ohio Supreme Court has clarified that when a trial court takes action after a defendant's probation period has expired, this relates to the trial court's "authority" rather than its "jurisdiction," although reversal is still warranted in such circumstances. *State v. Rue*, 2020-Ohio-6706, ¶ 16-17.

{¶19} The trial court's August 2, 2021 sentencing entry ordered Tyers to serve a suspended jail term with the conditions, i.e. community control/probation, that he have no similar offenses for a year and pay the indeterminate amount of restitution within one year. While the court's September 1, 2023 Judgment Entry stated "[t]he court finds the Defendant's probation is terminated," the one-year term imposed would have ended well before that date. The record does not show that a timely revocation proceeding was pursued for failure to comply with the terms of probation regarding failure to pay restitution or that Tyers' probation was extended. *See State v. Davila*, 2024-Ohio-2672, ¶ 8 (11th Dist.) ("[i]t is well-established that a court of common pleas lacks authority to revoke a defendant's community control and/or probation and impose sentence after the period of community control has expired"); *State v. Rue*, 2019-Ohio-1720, ¶ 38 (11th Dist.) ("when no action is taken to commence a probation violation hearing during the original probation period, the court's subject matter jurisdiction ends when the period of probation ends") (citation omitted); *State v. Williams*, 2004-Ohio-6545, ¶ 10 (9th Dist.) (the trial court was divested of jurisdiction to impose an order of restitution after the defendant was discharged from probation).

7

{¶20} Tyers' probation terminated prior to the September 1, 2023 court order "granting civil judgment for restitution in the amount of $1,000." Once Tyers completed his community control with no probation violation having been filed by August 2, 2022, the court lost the authority to make any orders on Tyers in relation to the criminal offense for which he was sentenced. Thus, the court lacked authority to summons, arrest, and make Tyers appear to answer for any purported violation of community control and to enter the September 1, 2023 judgment.

{¶21} Further, it was unnecessary to convert the order to a civil judgment since R.C. 2929.28(E) allows for the order of restitution to be collected through several methods, including a certificate of judgment, assignment of wages, and other methods mentioned in the statute.

{¶22} For these reasons, the lower court's September 1, 2023 order "granting civil judgment for restitution in the amount of $1,000" is vacated as the court lacked authority to issue such an order.

{¶23} The first assignment of error is with merit.

{¶24} In his third assignment of error, Tyers argues that the lower court erred in not ordering a definite sum of restitution. In his second and fourth assignments of error, Tyers raises errors relating to the propriety of the award of restitution.

{¶25} Since we find that the lower court lacked jurisdiction to issue its September 1, 2023 judgment ordering restitution, the remaining assignments relating to that order and amount of such award are moot. To the extent that Tyers raises any substantive arguments relating to the August 2, 2021 sentencing entry, his notice of appeal does not demonstrate he is appealing that entry, either through a statement that the entry is being

8

appealed or attachment of that entry. Nonetheless, Tyers should have taken a direct appeal from the August 2 entry had he taken issue with the order or amount of the restitution as well as his ability to pay such amount. As noted above, an appellant's argument that an order of restitution is invalid, including arguments about his ability to pay and whether there was proof of the amount ordered, is barred by res judicata if it is not raised on direct appeal. *Romanko*, 2017-Ohio-739, at ¶ 27 (8th Dist.); *Lintz*, 2011-Ohio-6511, at ¶ 50 (11th Dist.); *Downey*, 2016-Ohio-5778, at ¶ 19 (12th Dist.). While we recognize authority that an entry ordering restitution in an unspecified amount is invalid and subsequent review is not barred by res judicata, *State v. Lloyd*, 2015-Ohio-3636, ¶ 8 (12th Dist.), for those reasons discussed above, including that there was a specified amount of at least $1,000, the doctrine of res judicata is applicable under the present facts.

**{¶26}** The second through fourth assignments of error are without merit.

**{¶27}** For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, converting its order of restitution to a civil judgment, is reversed and vacated. Costs to be taxed against appellee.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

9

Case No. 2023-P-0078